[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION
 ON MOTION FOR RELIEF FROM JUDGMENT.
Relator, Daries Sherrills, has filed a motion for relief from judgment under Civ.R. 60(B) seeking reconsideration of our prior decision denying his petition for a writ of habeas corpus and/or a writ of mandamus. Sherrills v. Ohio Adult Parole Auth.
(Feb. 6, 1997), Franklin App. No. 96APD09-1245, unreported (Memorandum Decision).
Relator is an inmate at the Marion Correctional Institute. On September 25, 1996, he filed an original action with this court seeking a writ of habeas corpus and a writ of mandamus based upon claims that he was denied his constitutional right to substantive due process of law with respect to the parole hearing process. We denied the writ of habeas corpus because relator was then, as he is now, incarcerated in Marion County, which does not lie within the Tenth Appellate District. R.C. 2725.03 provides that the courts or judges of the county in which the institution is located have exclusive jurisdiction to issue or determine a writ of habeas corpus. We accordingly dismissed relator's petition for habeas corpus based upon a lack of jurisdiction.
With respect to relator's request for a writ of mandamus, we found that relator did not have a clear legal right to the relief prayed for, and that respondent had no clear legal duty to perform the requested act, because relator had in fact already received the parole hearings which his complaint sought. We also addressed relator's request to have his prison file updated to reflect reversal upon appeal of one of the multiple offenses for which he was initially convicted. We noted that respondent had submitted documentation indicating that such correction had already been made. We accordingly found that mandamus would not lie with respect to any relief requested by relator.
Relator's motion for relief from judgment pursuant to Civ.R. 60, as with his prior filings in this court, is not a model of clarity. As far as can be discerned, relator attempts to argue and reargue exactly the same issues addressed and decided in our prior decision. The only new issue possibly raised in relator's motion concerns the alleged improper transfer of relator between institutions in order to thwart his pursuit of litigation in the present matter. Relator does not articulate, however, how this alleged improper transfer in any way affected or undermined the propriety of our prior decision.
Furthermore, relator's motion for relief from judgment is not timely. Pursuant to Civ.R. 60(B), relief from judgment may be obtained on grounds of:
 (1) [M]istake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * * misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
A motion must be made within one year after the judgment if based upon mistake, newly discovered evidence or fraud.
To the extent that relator's motion is based upon misconduct by respondent, under Civ.R. 60(B)(3), it falls well outside the one-year limitation and, thus, is not timely. Even if the motion is taken to fall under the catchall provision of Civ.R. 60(B)(5), it has not been made "within a reasonable time," since it has been well over two years since entry of our original judgment, and no reason is advanced for such a delay.
In conclusion, therefore, relator's motion for relief from judgment is not timely, nor does it advance any sustainable reason for modification or relief from our prior decision. Relator's motion for relief from judgment is accordingly denied.
Motion for relief from judgment denied.
BROWN and BRYANT, JJ., concur.